STEPHEN PEABODY, JR., & Co., INC., Respondent, v. TRAVELERS INSURANCE COMPANY, Appellant.

First Department, March 2, 1928.

**Insurance — premiums — action by broker to recover commissions — complaint insufficient which does not allege premiums were paid.**

The complaint in an action by an insurance broker to recover commissions from an insurance company upon premiums for policies placed by the plaintiff is

insufficient where it alleges that the commissions were not to be due until the premiums had been actually paid but does not allege that the premiums have been paid.

Recovery cannot be had on the theory that it was the duty of the defendant to collect the premiums nor on the theory of a compromise where the insured is a going concern and there is no showing that any money was paid under the compromise and where the action is not brought to recover commissions on the amount paid in compromise.

APPEAL by the defendant from an order of the Supreme Court, entered in the office of the clerk of the county of New York on the 16th day of June, 1927.

Motion was made by defendant under rule 106, subdivision 5, and rule 103 of the Rules of Civil Practice and under section 241 of the Civil Practice Act.

*William J. Moran* of counsel [*Louis P. Galli* with him on the brief], for the appellant.

*Francis R. Holmes* of counsel [*Julian S. Eaton*, attorney], for the respondent.

PROSKAUER, J.  Plaintiff sues to recover the amount of a broker's commission for inducing the New York Dock Company to take out a policy of insurance with the defendant.  The complaint specifically alleges that the broker's commission was not due or earned until the premiums had been actually paid to the defendant and it is conceded that the premiums upon which this claim for commission is based were never paid.

The right of recovery is first predicated upon the allegation that the defendant failed and neglected to enforce payment by the New York Dock Company, which is a going concern.  This contention is unsound.  (*Seymour* v. *St. Luke's Hospital*, 28 App. Div. 119.)

The further claim is made that the defendant has compromised its indebtedness and granted the New York Dock Company immunity from liability.  It is evident, however, that there is no suggestion that any money was paid to the defendant in this compromise and the suit is not brought on the theory of a recovery of commission on an amount paid in compromise.  The right asserted is rather to recover a commission based on the entire amount of the claim because the defendant compromised it.  In *Seymour* v. *St. Luke's Hospital* (28 App. Div. 119) the defendant actually canceled the contract that had been procured by the broker; it was held that this did not impose on the hospital any liability to the broker, who, under the agreement, was to receive commissions only when the hospital received payment.

The order appealed from should be reversed, with ten dollars costs and disbursements, and the motion to dismiss the complaint granted, with ten dollars costs.

Dowling, P. J., Merrell, Martin and O'Malley, JJ., concur.

Order reversed, with ten dollars costs and disbursements, and motion granted, with ten dollars costs.